IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JAMES C. DEZAO, ESQUIRE;<br>LAW OFFICES OF JAMES C. DEZAO, P.A. f/k/a<br>DEZAO & DIBRIGIDA, LLC;<br>JOHN/JANE DOE ESQUIRES 1-10;<br>JOHN/JANE DOE EMPLOYEES/REPRESENTATIVES 1-10;<br>JOHN/JANE DOE PARTNERSHIPS 1-10;<br>JOHN/JANE DOE INCORPORATED 1-10;<br>JOHN/JANE DOE PROFESSIONAL CORPORATIONS 1-10;<br>JOHN/JANE DOE PROFESSIONAL ASSOCIATIONS 1-10; fictitious and unidentified legal personnel (including legal assistants, paralegals, interns, law clerks, administrators, employees/representatives, corporations, professional associations, partnerships and institutions, individually, jointly, severally, and in the alternative<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, Shawn Smith (hereinafter "Plaintiff"), by and through undersigned counsel, and for his Complaint against defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, John/Jane Doe Esquires 1-10, John/Jane Doe Employees/Representatives 1-10, John/Jane doe Partnership 1-10, John/Jane Doe Incorporated 1-10, John/Jane doe Professional Corporations 1-10, John/Jane Doe Professional Associations 1-10 (hereinafter collectively referred to as "John/Jane Doe(s)") states as follows:

## INTRODUCTION

1. This action concerns a legal malpractice whereby defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and John/Jane Doe(s) deviated from acceptable professional and legal standards of care and/or breached their duty(ies) to their client(s), Shawn Smith, and Nancy Smith and Harold Smith, by failing to act timely within the Statute of Limitations and/or by providing unlawful, deficient and/or flawed legal guidance, opinion(s) and/or advice.

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1332, as Plaintiff, Shawn Smith, is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of the Plaintiff.

3. Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the events giving rise to Plaintiff's claims occurred within the territorial limits of the United States District Court for the District of New Jersey.

## PARTIES

4. Plaintiff, Shawn Smith, is a citizen and resident of Pennsylvania residing at 410 Norwood House Road, Downingtown, Pennsylvania 19335.

5. At all times material hereto, defendant, James C. Dezao, Esquire, was and is an attorney duly licensed to practice under the laws of the State of New Jersey, holding himself out to the public as a competent and skillful attorney with a law practice located at 322 Route 46 West, Suite 120, Parsippany, New Jersey 07054.

6. At all times material hereto, defendant, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, was and is a limited liability corporation and/or professional association engaged in the practice of law, duly organized and existing under the laws of the State of New Jersey, with a principal place of business located at 322 Route 46 West, Suite 120, Parsippany, New Jersey 07054.

7. At all times material hereto, defendant, James C. Dezao, Esquire, acted either individually and/or acted by and through his employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant and/or acted as employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of the defendant, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC.

8. At all times material hereto, defendants, John/Jane Doe, Esquires 1-10, John/Jane Doe Employees/Representatives 1-10, John/Jane Doe Partnerships 1-10, John/Jane Doe Incorporated 1-10, John/Jane Doe Professional Corporations 1-10 and/or John/Jane Doe Professional Associations 1-10 (hereinafter collectively referred to as "John/Jane Doe(s)"), were and/or are fictitiously named attorneys, employees/representatives, partnerships, corporations, professional corporations and/or professional associations providing legal services, and existing under the laws of the State of New Jersey, the identity, addresses and/or culpable conduct of said John/Jane Does, after diligent inquiry, are presently unknown, who provided legal counsel and/or legal services to the plaintiff, Shawn Smith, and/or his parents, Nancy and Harold Smith as set forth in detail below. Plaintiff, Shawn Smith, prays leave of court to reasonably amend this Complaint and name the true identities of the John/Jane Does if and when their true identifies and roles in the within matter are ascertained by plaintiff through continued investigation and/or discovery.

9. At all times material hereto, defendants, John/Jane Does, acted either individually and/or acted by and through their employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendants and/or acted as employees agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of the defendants, James C. Dezao, P.A. and/or Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC.

10. At all times material hereto, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Does, acted by and through their actual

3

and/or ostensible agents, servants, workers, and/or employees, including, but not limited to, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, John/Jane Doe, Esquires 1-10, John/Jane Doe Employees/Representatives 1-10, John/Jane Doe Partnerships 1-10, John/Jane Doe Incorporated 1-10, John/Jane Doe Professional Corporations 1-10 and/or John/Jane Doe Professional Associations 1-10, then and there acting within the course and scope of their agency, authority, employment and/or duties.

## FACTUAL BACKGROUND

11. Between October 20, 2005 and October 21, 2005, Hurricane Wilma crossed the Yucatan Peninsula causing massive destruction and most, if not all of the resorts in Cancun, Mexico were severely and extensively damaged, including the Hotel Y Villas Solaris (hereinafter "Solaris").

12. In December of 2005, plaintiff's parents, Nancy and Harold Smith, booked a weeklong vacation to Solaris in Cancun, Mexico beginning on June 17, 2006 for themselves and their family, which included their sons, Andrew Smith and Shawn Smith, through RCI, LLC s/h/a Resort Condominiums Internationals, Inc. (hereinafter "RCI").

13. Prior to their arrival at the Solaris, plaintiff's parents, Nancy Smith and Harold Smith, were told that Solaris was fully functional and all repairs from a recent hurricane were completed.

14. On June 17, 2006, plaintiff, Shawn Smith, along with his parents and younger brother, Andrew Smith, arrived at the Solaris in Cancun, Mexico.

15. When Plaintiff and his family arrived at the Solaris on June 17, 2006, they discovered that half of the rooms were not open, portions of the property were under construction and the elevator(s) were not working; one the hotel's two elevators was subsequently placed into service, while the other elevator continued to be out-or-service, with the open elevator shaft barricaded by three large pieces of plywood.

16. Upon their arrival on June 17, 2006, plaintiff and his family were greeted at the resort by an employee who told the group that one of the elevators had been out of order since Hurricane Wilma.

17. On or about June 21, 2006, at some time between 5:00 and 6:00 p.m., plaintiff, Shawn Smith, was in the family's hotel room on the fourth floor of the Solaris with his younger brother, Andrew.

18. On or about June 21, 2006, somewhere between 5:00 and 6:00 p.m., plaintiff, Shawn Smith, exited the family's hotel room on the fourth floor and proceeded down to the hotel pool.

19. A short time later, plaintiff's younger brother, Andrew, also exited the family's hotel room on the fourth floor, intending to proceed down to the hotel pool.

20. On or about June 21, 2006, Andrew Smith pushed the elevator call button to summons the working elevator on the fourth floor and then stood adjacent to a plywood barrier covering the elevator shaft of the adjacent non-functioning broken elevator.

21. On or about June 21, 2006, Andrew leaned against the aforementioned plywood barrier, which then gave way causing him to suddenly and unexpectedly fall down the elevator shaft of the non-functioning broken elevator, and became impaled on a metal rod at the base of the elevator shaft, which rod was approximately one foot long and had perforated through the right side of Andrew Smith's abdomen and pelvis.

22. Plaintiff, Shawn Smith, immediately learned about this horrific accident, ran from the pool into the lobby and observed a number of individuals bent over the open elevator shaft talking to plaintiff's younger brother, Andrew Smith, who was impaled on the metal rod below.

23. Plaintiff, Shawn Smith, immediately observed his brother, Andrew Smith, visually in the elevator shaft and audibly heard his brother, Andrew Smith, cry out in pain for help.

24. Plaintiff, Shawn Smith, then tried to comfort his brother, Andrew Smith, and subsequently ran up to the fourth floor elevator shaft, where he observed the plywood barricade at the accident site and continued to see his brother down in the elevator shaft and continued to hear his brother screaming for help.

25. Thereafter, for approximately 45 minutes, plaintiff, Shawn Smith, ran up and down the various floors of the hotel to try to comfort and maintain communication with his brother, Andrew, and to keep him from losing consciousness until the emergency medical personnel arrived.

5

26. After approximately 45 minutes, the emergency medical personnel arrived and plaintiff observed through sight and sounds his younger brother, Andrew, being lifted off the impaled pipe and carried out of the elevator shaft on a stretcher/gurney.

27. Upon being lifted out of the elevator shaft, plaintiff, Shawn Smith, observed his younger brother, Andrew, bleeding profusely from his mid-section.

28. As medical personnel transported Andrew from the elevator shaft to an ambulance, plaintiff, Shawn Smith, walked along side of his younger brother, Andrew, held his hand and watched as medical personnel lifted and transported Andrew into an ambulance.

29. Plaintiff, Shawn Smith, personally observed his younger brother, Andrew Smith, in excruciating pain and saw a great deal of blood on Andrew's body, clothes, sheets and/or coverings.

30. The medics took plaintiff's younger brother, Andrew, to the nearest hospital where he was rushed into surgery.

31. Plaintiff's younger brother, Andrew Smith, died in the operating room and was pronounced dead at 7:30 p.m. on June 21, 2006, approximately two (2) hours after being impaled.

## WRONGFUL CONDUCT

32. On or about July 5, 2006, plaintiff's mother, Nancy Smith, executed a Contingent Fee Agreement with defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and/or John/Jane Doe(s), to represent the Smith family and the Estate of Andrew Robert Smith arising out of the June 21, 2006 incident at the Solaris in Cancun, Mexico.

33. During their initial meetings, plaintiff's parents, Nancy Smith and Harold Smith, told defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and John/Jane Doe(s), that they observed the serious physical injury and eventual death of their son, Andrew Smith, on June 21, 2006, and suffered severe emotional distress as a result.

34. During their initial meetings, plaintiff's parents, Nancy Smith and Harold Smith, told defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and/or John/Jane Doe(s), that plaintiff, Shawn Smith, observed through sight and sound the serious

6

physical injury and eventual death of his younger brother, Andrew Smith, on June 21, 2006, and suffered severe emotional distress as a result thereof.

35. At all times material hereto, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and/or John/Jane Doe(s), informed plaintiff's mother, Nancy Smith, that defendants would legally represent her entire family, including her husband, Harold Smith, and plaintiff, Shawn Smith, for any and all claims which could legally arise out of the June 21, 2006 accident at the Solaris in Cancun, Mexico.

36. At all times material hereto, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, and/or John/Jane Doe(s), informed plaintiff's mother, Nancy Smith, that defendants would pursue individual claims on behalf of her immediate family, including her husband, Harold Smith, and plaintiff, Shawn Smith, for emotional distress and/or suffering as a result of the June 21, 2006 accident at the Solaris in Cancun, Mexico.

37. At all times material hereto, defendant, James C. Dezao, Esquire, was working individually and on behalf of defendant law firm, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), and was an agent, servant, workman and/or employee of defendants, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s).

38. On or about January 26, 2007, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), filed a Complaint on behalf of Harold D. Smith and Nancy A. Smith, Individually, and as Personal Representatives of the Estate of Andrew Robert Smith against Resorts Condominiums Internationals, Inc., Villas Solaris, S.A. de C.V. (Visosa), Hotel Y Villas Solaris Cancun, Royal Solaris Caribbean (Cancun), Club Solaris, Mitsubishi Electric and Mitsubishi Electric and Electronics USA, Inc., John Doe 1-5 and Doe Corporation 1-5.

39. The Complaint was filed in the United States District Court for the District of New Jersey under Docket No. 2007-CV-437 (ES).

40. Prior to filing the Complaint on January 26, 2007, plaintiff's parents, Nancy Smith and Harold Smith, told defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a

Dezao & Dibrigida, LLC, and/or John/Jane Doe(s), that plaintiff, Shawn Smith, observed through sight and sound the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006, and suffered severe emotional distress as a result of said observation.

41. At all times material hereto, including, but not limited to on or about January 26, 2007, defendants, James C. Dezao, Esquire and Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, did not file a Complaint on behalf of plaintiff, Shawn Smith, against Resorts Condominiums Internationals, Inc., Villas Solaris, S.A. de C.V. (Visosa), Hotel Y Villas Solaris Cancun, Royal Solaris Caribbean (Cancun), Club Solaris, Mitsubishi Electric and Mitsubishi Electric and Electronics USA, Inc., John Doe 1-5 and Doe Corporation 1-5.

42. At all times material hereto, and despite knowledge that plaintiff, Shawn Smith, observed through sight and sound the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006, and suffered severe emotional distress thereafter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to pursue and/or file a claim on behalf of plaintiff, Shawn Smith, for negligent infliction of emotional distress.

43. At all times material hereto, defendants, James C. Dezao, Esquire and Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, never advised, informed and/or notified the underlying plaintiffs, Nancy Smith and Harold Smith, Individually, or as representatives of the Estate of Andrew Smith, that no legal action had been taken or would be taken to protect the interests of their son, Shawn Smith's emotional distress claim relative to witnessing the incident and death of his brother, Andrew Smith.

44. Subsequently, on or about August 2, 2007, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), filed an Amended Complaint to include a new defendant, Mitsubishi Electric de Mexico de C.V., in place of Mitsubishi Electric and Electronics USA, Inc.

45. At the time of filing the Amended Complaint on about August 2, 2007, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), did not include a claim for plaintiff, Shawn Smith, against Resorts Condominiums Internationals, Inc., Villas Solaris, S.A. de C.V. (Visosa), Hotel Y Villas Solaris Cancun, Royal Solaris Caribbean (Cancun), Club Solaris, Mitsubishi Electric de Mexico de C.V., John Doe 1-5 and Doe Corporation 1-5.

46. At the time of filing the Amended Complaint in the underlying matter, defendants, James C. Dezao, Esquire and Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), never advised, informed and/or notified the underlying plaintiffs, Nancy Smith and Harold Smith, Individually, or as representatives of the Estate of Andrew Smith, that no legal action had been taken to protect the interests of their son, Shawn Smith's emotional distress claim relative to witnessing the incident and death of his brother, Andrew Smith.

47. At all times material hereto, including, but not limited to the time of filing the Amended Complaint in the underlying matter, and despite knowledge that plaintiff, Shawn Smith, was an eyewitness to the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006, and suffered severe emotional distress thereafter, defendants, James C. Dezao, Esquire and Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, failed to pursue and/or file a claim on behalf of plaintiff, Shawn Smith, for negligent infliction of emotional distress.

48. Thereafter, on or about September 17, 2010, defendants, James C. Dezao, Esquire and Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC, filed a Motion on behalf of plaintiff, Shawn Smith, and the plaintiffs in the underlying matter, Harold D. Smith and Nancy A. Smith, Individually, and as Personal Representatives of the Estate of Andrew Robert Smith, for leave to file a Second Amended Complaint in order to add Shawn Smith as a plaintiff in the underlying matter and to include an additional claim for negligent infliction of emotional distress on behalf of Harold D. Smith and Nancy A. Smith, individually.

49. In its Motion to Amend the Complaint to add Shawn Smith as a plaintiff, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or

9

John/Jane Doe(s), submitted a Certification of defendant, James C. Dezao, Esquire, to support said Motion.

      50.      In the aforementioned Certification of defendant, James C. Dezao, Esquire, alleged the following:

**James C. DeZao, Esquire, being of full age, certifies:**

1. I represent the Plaintiffs in the above-captioned matter.

2. I submit this Certification in Support of the Plaintiffs' Motion for Leave to Amend Complaint.

3. Attached hereto as Exhibit "A" is a true and accurate copy of the Original Complaint filed in this matter.

4. When I brought suit on the Plaintiffs' behalf, I understood the Complaint to be made on behalf of the Decedent's estate and the Plaintiffs' behalf individually.

5. Therefore, when I alleged that the Plaintiffs suffered emotional injuries in addition to the Decedent, I believed that I had covered sufficiently any emotional suffering on behalf of the Decedent's parents.

6. It was not until August of this year, after we submitted a formal settlement demand which included damages for emotional distress, that RCI brought to my attention the argument that the *Portee* claims had not been separately alleged.

7. Though the *Portee* claims had not been separately alleged, all the facts underlying the claims for both Decedent's parents and Shawn were set forth in Plaintiffs' February 2009 Interrogatory Answers (a true and accurate copy of which is attached hereto as Exhibit "B") narrated by Nancy Smith. Those answers easily demonstrated that the entire family witnessed the Decedent immediately after his fatal injury.

8. Additionally, I believed that RCI had chosen to "reserve" its right to conduct discovery relative to the emotional distress of the family until after a motion they did not ultimately make. Attached hereto as "Exhibit C" is a true and accurate copy of an email dated March 9, 2010, from RCI's counsel to my office, in which the latter states that RCI was "not interested at th[at] time about how the accident happened, treatment/injuries, etc. Depositions of plaintiffs in those areas [had] been specifically reserved in RCI's motion for summary judgment is denied" (*Id.*)

9. As a result of RCI's objection after the Plaintiffs' settlement demand, it became necessary to move for leave to amend the complaint at this time to include formal *Portee* claims for both the Plaintiffs and Shawn.

10. However, it was erroneously that RCI's counsel claimed that the *Portee* claims were never "set forth in any discovery" (August 12, 2010 email from RCI counsel, a true and accurate copy of which is attached hereto as "Exhibit D"). Those claims had been set forth in 2009 discovery.

11. The failure to move for leave at an earlier date resulted from no bad faith. This litigation has been complex and storied, with former defendant Mitsubishi moving for jurisdictional dismissal early on. Its motion caused a flurry of jurisdictional discovery and attendant motion practice; and while Mitsubishi was ultimately dismissed from this case, those proceedings were all-consuming.

12. Indeed, had it been our intention to prejudice the Defendants, we would not have set forth so obviously the elements of and factual basis for the *Portee* claims in the February 2009

10

Case 2:13-cv-00072-JD Document 69-10 Filed 02/13/2 Page 1 of 19 PageID: 749

        Interrogatory Answers.

13. My surprise at RCI's objection was exampled in my August 24, 2010 letter to the Court, a true and accurate copy of which is attached hereto as "Exhibit E."

14. Since discovery is ongoing, no trial date has been scheduled, and RCI reserved its right to depose the Plaintiffs at a later date anyway, there would be no undue prejudice to RCI if the Court were to grant leave to amend to add the formal *Portee* claims.

15. Furthermore, RCI had requested twelve (12) additional depositions even prior to our settlement demand. In June 2010, we received notice that RCI wanted to depose every person we listed as a witness to the accident, including another request to depose Nancy Smith, which had already been conducted on March 26, 2010. Thus, it appears that RCI was already intending to conduct discovery, which would have – and will – touch upon the *Portee* claims even before now. It cannot, therefore, claim that addition of these claims would necessitate discovery it did not plan to conduct.

16. Indeed, my office has supplied RCI with relevant medical and psychological records pertaining to my clients late this summer (August 31, 2010 and September 2, 2010 Letters, true and accurate copies of which are attached hereto as "Exhibit F").

51. Further, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), submitted a proposed Second Amended Complaint to the Motion for leave to file a Second Amended Complaint in order to include additional claims for negligent infliction of emotional distress on behalf of Harold D. Smith, Nancy A. Smith and Shawn Smith, individually.

52. In Count Ten of the proposed Second Amended Complaint on behalf of Shawn Smith in the underlying matter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), alleged that plaintiff, Shawn Smith, was the brother of the decedent, Andrew Smith, on June 21, 2006.

53. In Count Ten of the proposed Second Amended Complaint on behalf of Shawn Smith in the underlying matter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), alleged that plaintiff, Shawn Smith, enjoyed a close, intimate family relationship with the decedent, Andrew Smith, on June 21, 2006.

54. In Count Ten of the proposed Second Amended Complaint on behalf of Shawn Smith in the underlying matter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), alleged that the decedent, Andrew Smith, died as a result of the actions or inactions of the underlying defendants on June 21, 2006.

11

55. In Count Ten of the proposed Second Amended Complaint on behalf of Shawn Smith in the underlying matter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), alleged that plaintiff, Shawn Smith, observed the decedent, Andrew Smith, at the time of his fatal injury, or immediately thereafter, on June 21, 2006.

56. In Count Ten of the proposed Second Amended Complaint on behalf of Shawn Smith in the underlying matter, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), alleged that plaintiff, Shawn Smith, suffered severe emotional distress resulting from his observation on June 21, 2006.

57. On October 28, 2010, the Honorable Esther Salas, U.S.M.J. granted the Motion in part and denied the Motion in part.

58. Judge Salas granted the Motion in part and permitted defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), permission to file an additional claim for negligent infliction of emotional distress on behalf of Nancy A. Smith and Harold D. Smith and, individually.

59. Judge Salas denied, however, the Motion for leave to file a Second Amended Complaint adding plaintiff, Shawn Smith, as a plaintiff in the underlying matter.

60. In denying the Motion, Judge Salas opined that "plaintiffs are seeking to add Sean [sic] Smith as a plaintiff past the two-year deadline and do not articulate any reason why the statute of limitations should not be applied to the date of the accident in 2006. As such, the Court denies plaintiffs' motion as it relates to Sean [sic] Smith in Count 10 on futility grounds."

61. Immediately following Judge Salas' ruling on October 28, 2010, the plaintiffs in the underlying matter, Nancy Smith and Harold Smith, Individually, or as representatives of the Estate of Andrew Smith, terminated their relationship and representation by the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), because the underlying plaintiffs believed that defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), negligently mishandled the

12

underlying matter in many ways, including, but not limited to, the failure to plead and protect the interests of their son, plaintiff, Shawn Smith's emotional distress claim.

62. The plaintiffs in the underlying matter, Nancy Smith and Harold Smith, Individually, or as representatives of the Estate of Andrew Smith, thereafter retained the law firm of Levy, Baldante, Finney, Rubenstein, Cohen & Chizmar, P.C. to take over the handling of their lawsuit against Resorts Condominiums Internationals, Inc., Villas Solaris, S.A. de C.V. (Visosa), Hotel Y Villas Solaris Cancun, Royal Solaris Caribbean (Cancun), Club Solaris, Mitsubishi Electric and Mitsubishi Electric and Electronics USA, Inc., John Doe 1-5 and Doe Corporation 1-5 relating to the June 21, 2006 accident.

63. On or about August 23, 2012, a confidential settlement was reached in the underlying matter on behalf of Harold D. Smith and Nancy A. Smith, Individually, and as Personal Representatives of the Estate of Andrew Robert Smith.

64. At all times relevant hereto, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), knew, or should have known, that plaintiff, Shawn Smith, had a viable claim against the defendants in the underlying matter for negligent infliction of emotional distress.

65. At all times relevant hereto, plaintiff, Shawn Smith, and his parents, Nancy Smith and Harold Smith, were lead to believe and were under the impression and belief that defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), would protect Shawn Smith's interest(s) and claim(s) relative to the death of his brother, Andrew Smith, and would file whatever valid claim(s) on his behalf related to the June 21, 2006 accident and Shawn Smith's witnessing of the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006.

66. As a result of the failure of the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), plaintiff, Shawn Smith's claims for injuries sustained as a result of observing though sight and sound the serious physical injury

and eventual death of his younger brother, Andrew, on June 21, 2006 were time barred and he was not allowed to file or recover any of the damages to which he would otherwise have been entitled.

## COUNT I – PROFESSIONAL NEGLIGENCE

### PLAINTIFF, SHAWN SMITH
### v.
### DEFENDANTS, JAMES C. DEZAO, ESQUIRE, LAW OFFICES OF JAMES C. DEZAO, P.A. f/k/a DEZAO & DIBRIGIDA, LLC AND JOHN/JANE DOE(S)

67. Plaintiff, Shawn Smith, incorporates herein by reference paragraphs one (1) through sixty-six (66) as though fully set forth at length herein.

68. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed in their professional responsibility by not filing a timely Complaint on behalf of plaintiff, Shawn Smith, for injuries he suffered as a result of observing the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006.

69. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), further failed to diligently and competently review the file, pleadings and other documents and said failure to act severely prejudiced the rights and interests of plaintiff, Shawn Smith, with regard to his potential claims.

70. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), breached an express and/or implied contract with plaintiff, Shawn Smith, to render and provide competent and professional representation with regard to injuries he suffered as a result of observing the serious physical injury and eventual death of his younger brother, Andrew, on June 21, 2006 to which defendants were entrusted.

71. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to disclose to plaintiff, Shawn Smith, that a Complaint on his behalf had not been filed.

72. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to disclose to plaintiff's parents, Nancy Smith and

14

Harold Smith, that no legal action had been taken and/or would be taken to protect the interests of their son, Shawn Smith's emotional distress claim relative to witnessing the incident and death of his brother, Andrew Smith.

73. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to notify or disclose to plaintiff, Shawn Smith, that his claim may be time barred.

74. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to notify or disclose to plaintiff's parents, Nancy and Harold Smith, that a claim on behalf of their son, plaintiff, Shawn Smith, may be time barred.

75. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed to preserve the claim of plaintiff, Shawn Smith.

76. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), failed in their duties and obligations of care to properly advise and represent plaintiff, Shawn Smith, in a skillful, competent and diligent manner.

77. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), by various errors, omissions and commissions, deviated from the applicable standards of care for legal professionals in their representation of the plaintiff, Shawn Smith.

78. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), as aforesaid, plaintiff, Shawn Smith, has suffered damages.

**WHEREFORE**, plaintiff, Shawn Smith, demands judgment against the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

## COUNT II – BREACH OF FIDUCIARY DUTY

**PLAINTIFF, SHAWN SMITH**
v.
**DEFENDANTS, JAMES C. DEZAO, ESQUIRE, LAW OFFICES OF JAMES C. DEZAO, P.A. f/k/a DEZAO & DIBRIGIDA, LLC AND JOHN/JANE DOE(S)**

79. Plaintiff, Shawn Smith, incorporates herein by reference paragraphs one (1) through seventy-eight (78) as though fully set forth at length herein.

80. As the attorney for plaintiff, Shawn Smith, defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), owed a fiduciary duty to act in plaintiff's best interest.

81. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), breached their duty to act in the best interest of plaintiff, Shawn Smith, by failing to file a timely Complaint on his behalf.

82. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), as aforesaid, plaintiff, Shawn Smith, has suffered damages.

**WHEREFORE**, plaintiff, Shawn Smith, demands judgment against the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

**PLAINTIFF, SHAWN SMITH**
v.
**DEFENDANTS, JAMES C. DEZAO, ESQUIRE, LAW OFFICES OF JAMES C. DEZAO, P.A. f/k/a DEZAO & DIBRIGIDA, LLC AND JOHN/JANE DOE(S)**

83. Plaintiff, Shawn Smith, incorporates herein by reference paragraphs one (1) through eighty-two (82) as though fully set forth at length herein.

84. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), owed a contractual duty of good faith and fair dealing to the plaintiff, Shawn Smith, as a result of their attorney/client relationship.

85. Defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), breached their contractual duty of good faith and fair dealing to the plaintiff, Shawn Smith, by failing to file a timely Complaint on his behalf.

86. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), as aforesaid, plaintiff, Shawn Smith, has suffered damages.

**WHEREFORE**, plaintiff, Shawn Smith, demands judgment against the defendants, James C. Dezao, Esquire, Law Offices of James C. Dezao, P.A. f/k/a Dezao & Dibrigida, LLC and/or John/Jane Doe(s), individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

                                                     **LEVY, BALDANTE, FINNEY, RUBENSTEIN, COHEN & CHIZMAR, P.C.**

By: _____
     JOHN W. BALDANTE, ESQUIRE
     Levy, Baldante, Finney,
     Rubenstein, Cohen & Chizmar, P.C.
     89 N. Haddon Avenue, Suite D
     Haddonfield, NJ 08033
     (800) 601-1616
     baldante@levybaldante.com
     *Counsel for Plaintiff, Shawn Smith*

     Michael F. O'Neill, Esquire
     **Purcell, Mulcahy, O'Neill & Hawkins**
     One Pluckemin Way
     P. O. Box 754
     Bedminster, NJ 07921
     (908) 306-6705
     moneill@pmohlaw.com

Date: January 2, 2013     *Co-Counsel for Plaintiff, Shawn Smith*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

LEVY, BALDANTE, FINNEY, RUBENSTEIN,<br>
COHEN & CHIZMAR, P.C.<br><br>
BY: _____<br>
JOHN W. BALDANTE, ESQUIRE<br>
*Counsel for Plaintiff, Shawn Smith*

DATE: January 2, 2013

## DESIGNATION OF TRIAL COUNSEL

John W. Baldante, Esquire, is hereby designated as trial counsel in the above matter.

LEVY, BALDANTE, FINNEY, RUBENSTEIN,<br>
COHEN & CHIZMAR, P.C.<br><br>
BY: _____<br>
JOHN W. BALDANTE, ESQUIRE<br>
*Counsel for Plaintiff, Shawn Smith*

DATE: January 2, 2013

18

## CERTIFICATION

1.    I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.    To my knowledge, no other action or arbitration procedure is contemplated.

3.    I have no knowledge at this time of the names of any other parties who should be joined in this action.

LEVY, BALDANTE, FINNEY, RUBENSTEIN,
COHEN & CHIZMAR, P.C.

BY: _____
JOHN W. BALDANTE, ESQUIRE
*Counsel for Plaintiff Shawn Smith*

DATE: January 2, 2013